UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOBY M. SEMICK,<br><br>            Plaintiff,<br><br>      v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>            Defendants. | No.  2:15-cv-2462-JAM-EFB P<br><br>ORDER GRANTING IFP AND DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  He has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 and a request for appointment of counsel.

**I.     Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.    Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

1

1  § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion
2  of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which
3  relief may be granted," or "seeks monetary relief from a defendant who is immune from such
4  relief."  *Id.* § 1915A(b).

5  A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)
6  of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and
7  plain statement of the claim showing that the pleader is entitled to relief, in order to give the
8  defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*
9  *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).
10 While the complaint must comply with the "short and plaint statement" requirements of Rule 8,
11 its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556
12 U.S. 662, 679 (2009).

13  To avoid dismissal for failure to state a claim a complaint must contain more than "naked
14 assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of
15 action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of
16 a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at
17 678.

18  Furthermore, a claim upon which the court can grant relief must have facial plausibility.
19 *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual
20 content that allows the court to draw the reasonable inference that the defendant is liable for the
21 misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a
22 claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*
23 *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the
24 plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

25 **III.     Screening Order**

26  The court has reviewed plaintiff's complaint (ECF No. 1) pursuant to § 1915A and finds
27 that the allegations are too vague and conclusory to state a cognizable claim for relief.  The
28 complaint names at least fourteen defendants.  The most specific factual allegations, buried within

the 35-page complaint, consist of the following: (1) that plaintiff is disabled because of "upper extremity impairments" and defendant Wedell removed plaintiff's disability placement classification code, causing months of pain and suffering ; (2) defendants Young and Tabayoyong refused to help plaintiff with his legal work, that defendant Young told plaintiff, "I feel like strangling you," and that plaintiff was granted some form of relief on the appeal of his conviction, *see* ECF No, 1 ¶ 43; and (3) that various defendants denied plaintiff's administrative appeals. Plaintiff has not pleaded sufficient facts to state a proper claim for relief. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. *Id.* Because plaintiff fails to state a claim for relief, the complaint must be dismissed.

Plaintiff will be granted leave to file an amended complaint, if he can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant. Any amended complaint must cure the deficiencies identified above and also adhere to the following requirements:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

/////

1    Any amended complaint must be written or typed so that it so that it is complete in itself
2    without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended
3    complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the
4    earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114
5    F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter
6    being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.
7    1967)).
8    The court cautions plaintiff that failure to comply with the Federal Rules of Civil
9    Procedure, this court's Local Rules, or any court order may result in this action being dismissed.
10   *See* E.D. Cal. L.R. 110.
11   In addition, the court notes that the following legal standards may apply to plaintiff's
12   intended claim for relief.
13   To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal
14   constitutional or statutory right; and (2) that the violation was committed by a person acting under
15   the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d
16   930, 934 (9th Cir. 2002).
17   An individual defendant is not liable on a civil rights claim unless the facts establish the
18   defendant's personal involvement in the constitutional deprivation or a causal connection between
19   the defendant's wrongful conduct and the alleged constitutional deprivation.  *See Hansen v.
20   Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).
21   Plaintiff may not sue any official on the theory that the official is liable for the unconstitutional
22   conduct of his or her subordinates.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Plaintiff must
23   identify the particular person or persons who violated his rights.  He must also plead facts
24   showing how that particular person was involved in the alleged violation.
25   State agencies, such as CDCR and its prisons, are immune from suit under the Eleventh
26   Amendment.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Lucas v. Dep't
27   of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (holding that prisoner's Eighth
28   Amendment claims against CDCR for damages and injunctive relief were barred by Eleventh

4

Amendment immunity); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (Eleventh Amendment immunity extends to state agencies).

There are no constitutional requirements regarding how a grievance system is operated. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system). Thus, plaintiff may not impose liability on defendants Tseng or Smiley simply because they played a role in processing plaintiff's inmate appeals. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (an administrative "grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment. . . . Thus, defendants' failure to process any of Buckley's grievances, without more, is not actionable under section 1983." (internal quotations omitted)).

Prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). "[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id.* Inmates do not have "an abstract, freestanding right to a law library or legal assistance," and "cannot establish relevant actual injury simply by establishing that [the] prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). The right to litigation assistance "is limited to the tools prisoners need in order to attack their sentences, [either] directly or collaterally, and in order to challenge the conditions of their confinement." *Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011) (quotations omitted). The right to legal assistance is limited to the pleading stage. *Id.*

Prisoners also have the right "to litigate claims challenging their sentences or the conditions of their confinement to conclusion without *active interference* by prison officials." *Silva*, 658 F.3d at 1102. An inmate alleging a violation of this right must show that the deprivation actually injured his litigation efforts, in that the defendant hindered his efforts to

1 bring, or caused him to lose, an actionable claim challenging his criminal sentence or conditions
2 of confinement. *See Lewis*, 518 U.S. at 351; *Christopher v. Harbury*, 536 U.S. 403, 412-15
3 (2002).
4   To state a viable First Amendment retaliation claim, a prisoner must allege five elements:
5 "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3)
6 that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First
7 Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."
8 *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). Conduct protected by the First
9 Amendment includes communications that are "part of the grievance process." *Brodheim v. Cry*,
10 584 F.3d 1262, 1271 n.4 (9th Cir. 2009). If plaintiff intends to assert a retaliation claim, he must
11 specifically identify the protected conduct at issue, name the defendant who took adverse action
12 against him, and plead that the allegedly adverse action was taken "because of" plaintiff's
13 protected conduct.
14   To succeed on an Eighth Amendment claim predicated on the denial of medical care, a
15 plaintiff must establish that he had a serious medical need and that the defendant's response to
16 that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see
17 also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need exists if the failure to
18 treat the condition could result in further significant injury or the unnecessary and wanton
19 infliction of pain. *Jett*, 439 F.3d at 1096. Deliberate indifference may be shown by the denial,
20 delay or intentional interference with medical treatment or by the way in which medical care is
21 provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).
22   To act with deliberate indifference, a prison official must both be aware of facts from
23 which the inference could be drawn that a substantial risk of serious harm exists, and he must also
24 draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if
25 he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing
26 to take reasonable measures to abate it." *Id.* at 847. A physician need not fail to treat an inmate
27 altogether in order to violate that inmate's Eighth Amendment rights. *Ortiz v. City of Imperial*,
28 884 F.2d 1312, 1314 (9th Cir. 1989). A failure to competently treat a serious medical condition,

1    even if some treatment is prescribed, may constitute deliberate indifference in a particular case.
2    *Id.*

3    It is important to differentiate common law negligence claims of malpractice from claims
4    predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment.
5    In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not
6    support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir.
7    1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976)); *see also Toguchi v. Chung*, 391
8    F.3d 1051, 1057 (9th Cir. 2004).

9    Title II of the Americans with Disabilities Act ("ADA"), prohibits a public entity from
10   discriminating against a qualified individual with a disability on the basis of disability.  42 U.S.C.
11   § 12132.  In order to state a claim that a public program or service violated Title II of the ADA, a
12   plaintiff must show: (1) he is a "qualified individual with a disability"; (2) he was either excluded
13   from participation in or denied the benefits of a public entity's services, programs, or activities, or
14   was otherwise discriminated against by the public entity; and (3) such exclusion, denial of
15   benefits, or discrimination was by reason of his disability.  *McGary v. City of Portland*, 386 F.3d
16   1259, 1265 (9th Cir. 2004); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 691 (9th Cir. 2001)
17   ("If a public entity denies an otherwise 'qualified individual' 'meaningful access' to its 'services,
18   programs, or activities' 'solely by reason of' his or her disability, that individual may have an
19   ADA claim against the public entity.").

20   The ADA authorizes suits by private citizens for money damages against public entities,
21   *United States v. Georgia*, 546 U.S. 151, 153 (2006), and state prisons "fall squarely within the
22   statutory definition of 'public entity.'"  *Pennsylvania Dep't. of Corrs. v. Yeskey*, 524 U.S. 206,
23   210 (1998).  "To recover monetary damages under Title II of the ADA . . . , a plaintiff must prove
24   intentional discrimination on the part of the defendant."  *Duvall v. County of Kitsap*, 260 F.3d
25   1124, 1138 (9th Cir. 2001).  The standard for intentional discrimination is deliberate indifference,
26   which "requires both knowledge that a harm to a federally protected right is substantially likely,
27   and a failure to act upon that likelihood."  *Id.* at 1139.
28   /////

"In suits under Title II of the ADA . . . the proper defendant usually is an organization rather than a natural person. . . . Thus, as a rule, there is no personal liability under Title II." *Roundtree v. Adams*, No. 1:01-cv-06502-OWW-LJO, 2005 U.S. Dist. LEXIS 40517, at *22 (E.D. Cal. Dec. 1, 2005) (quotations and citations omitted). Indeed, a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in his individual capacity to vindicate rights created by Title II of the ADA. *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002). Thus, an ADA plaintiff may seek injunctive relief against an individual defendant only if the defendant is sued in his or her official capacity. *Miranda B. v. Kitzhaber*, 328 F.3d 1181, 1187-88 (9th Cir. 2003).

## IV. Request for Appointment of Counsel

Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no exceptional circumstances in this case.

## V. Summary of Order

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. The complaint is dismissed with leave to amend within 30 days. The complaint must bear the docket number assigned to this case and be titled "Amended

Complaint." Failure to comply with this order will result in dismissal of this action for failure to prosecute. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

4. Plaintiff's request for appointment of counsel (ECF No.7) is denied without prejudice.

Dated: August 18, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE