UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOBY M. SEMICK, | No. 2:15-cv-2462-JAM-EFB P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

On August 18, 2016, the court issued a screening order dismissing plaintiff's complaint with leave to amend within 30 days. The order admonished plaintiff that failure to file an amended complaint would result in a recommendation that this action be dismissed. ECF No. 9.

On September 15, 2016, the court granted plaintiff's request for a 90-day extension of time to file an amended complaint. The court warned plaintiff that filing an amended complaint should not require extensive research, should not include legal citations, and need not contain unnecessarily detailed factual allegations. The court warned further, that absent good cause, it was not inclined to grant further extensions of time. ECF No. 14.

On December 1, 2016, the court granted plaintiff another 45-day extension of time, and repeated the warnings contained in the September 15, 2016 order. ECF No. 17. The time for acting has passed and plaintiff has not filed an amended complaint or otherwise responded to the court's order.[1]

A party's failure to comply with any order or with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. Local Rule 110. The court may dismiss an action with or without prejudice, as appropriate, if a party disobeys an order or the Local Rules. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir. 1992) (district court did not abuse discretion in dismissing pro se plaintiff's complaint for failing to obey an order to re-file an amended complaint to comply with Federal Rules of Civil Procedure); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for pro se plaintiff's failure to comply with local rule regarding notice of change of address affirmed).

Accordingly, it is hereby RECOMMENDED that this action be dismissed. Fed. R. Civ. P. 41(b); E. D. Cal. Local Rule 110.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

---

[1] Instead, plaintiff filed a ten-page motion for a temporary restraining order and preliminary injunction. ECF No. 18. The filing does not address plaintiff's obligation and/or ability to file an amended complaint, but does include a request for the appointment of counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no exceptional circumstances in this case.

1  objections shall be served and filed within fourteen days after service of the objections.  The
2  parties are advised that failure to file objections within the specified time may waive the right to
3  appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez*
4  *v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 23, 2017.

      EDMUND F. BRENNAN
      UNITED STATES MAGISTRATE JUDGE